JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Shane L. Burton

**DEFENDANTS**
Home Depot U.S.A., Inc. d/b/a The Home Depot and the Home Depot, Inc.

**(b)** County of Residence of First Listed Plaintiff  Luzerne
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Cynthia R. Vullo, Esq. Koff Mangan Vullo & Gartley PC
1065 Highway 315 Ste 302
Wilkes-Barre PA 18702

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☒ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/Exchange |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Family & Medical Leave Act ("FMLA") 29 USC Sect. 2601, et seq.

Brief description of cause:
Defendants violated Plaintiff's FMLA rights, resulting in the termination of his employment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** To be determined
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE 7-16-20
SIGNATURE OF ATTORNEY OF RECORD *Cynthia Vullo*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHANE L. BURTON<br>653 North Main Street<br>Pittston, PA 18640 | CIVIL ACTION |
| Plaintiff | NO.: |
| v. | Electronically Filed |
| HOME DEPOT U.S.A., INC. d/b/a<br>THE HOME DEPOT<br>2455 Paces Ferry Road<br>Atlanta, GA 30339 | |
| and | |
| THE HOME DEPOT, INC.<br>c/o Corporation Service Co.<br>1635 Market St.<br>Philadelphia, PA 19103 | |
| Defendants | |

## COMPLAINT

The Plaintiff, Shane L. Burton, by and through his attorneys, Koff, Mangan, Vullo & Gartley, P.C., hereby complains of the Defendants, Home Depot U.S.A., Inc. d/b/a The Home Depot, and The Home Depot, Inc., as follows:

## JURISDICTION AND VENUE

1. This action is founded upon and arises under the provisions of federal law, particularly the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq., and seeks redress for the violation of Plaintiff's federally-protected FMLA rights by his employer.

1

2. The jurisdiction of this Court is invoked pursuant to the provisions of 28 U.S.C. § 1331 as this case arises under and pursuant to the FMLA.

3. Venue for this action lies within the Middle District of Pennsylvania because the facts, occurrences, acts and/or omissions giving rise to the claims alleged herein took place within the Middle District of Pennsylvania.

## PARTIES

4. The Plaintiff, Shane L. Burton ("Burton") is a competent adult individual and a resident of Luzerne County, Pennsylvania.

5. Defendant, Home Depot U.S.A., Inc. ("HD USA") d/b/a The Home Depot, is a Delaware corporation with an address of 2455 Paces Ferry Road, Atlanta, Georgia 30339 and a registered office in Pennsylvania c/o Corporation Service Company, 2595 Interstate Drive, #103, Harrisburg, PA 17110.

6. Defendant, The Home Depot, Inc. ("HD, Inc.") is a Delaware corporation with a registered office in Pennsylvania c/o CT Corporation System, 1635 Market Street, Philadelphia, PA 19103.

7. Either or both of Defendant HD, Inc. and/or HD USA do business in Pennsylvania at the Home Depot Regional Distribution Center 5089 ("the Center") at 300 Enterprise Way, Pittston, Pennsylvania 18640.

8. At all times material hereto, HD USA and HD, Inc. have been "employers" within the meaning of the FMLA, 29 U.S.C. § 2611(4)(A)(ii)(I). As such, HD USA, and HD, Inc. are subject to the requirements of the FMLA.

9. At all times material hereto, either or both of HD USA and HD, Inc. were an "employer" of Plaintiff within the meaning of the FMLA. HD USA and HD, Inc. are collectively referred to herein as "Home Depot" or "Defendant."

## STATEMENT OF CLAIMS

10. Plaintiff was hired by Home Depot on or around May 3, 2010, to work at the Center in Pittston, PA in the full-time position of General Warehouse Associate.

11. Plaintiff continued to work at the Center as a General Warehouse Associate until his termination on November 27, 2018.

12. In addition to his general warehouse duties, during the course of his employment with Home Depot, Plaintiff was often moved to various departments and became knowledgeable in the over-all operations of the Center.

13. In approximately December of 2015, Plaintiff's mother developed a very serious, chronic health condition that required the amputation of her leg and that necessitated a caregiver to assist her with daily activities in her home.

14. Thereafter, it became necessary for the Plaintiff to provide assistance to his mother on an intermittent basis when her caregiver was unavailable.

15. Until September of 2018, Plaintiff was unaware of his right to request FMLA leave in order to care for his mother.

16. At this time in 2018, Home Depot's company policies allowed its employees to utilize up to seven (7) days of unscheduled time off per year before the employee was penalized under an attendance policy for using unscheduled time off.

3

17. In 2018 through the month of September, Plaintiff utilized his allotted days for unscheduled time off in order to assist and care for his mother in the absence of her caregiver.

18. Also in 2018, it was necessary for Plaintiff to use additional unscheduled time off in order to pick up or assist with the care of his daughter.

19. Once Plaintiff exhausted his allotted annual time off, Plaintiff was "written up" for late arrivals for work or for absences from work, including those necessitated by his need to assist his mother who had a serious health condition.

20. To this point in his employment with Home Depot, Plaintiff's quarterly and annual performance reviews were graded satisfactory or better, entitling him to a bonus for each quarter.

21. In 2018, Home Depot's management knew that Plaintiff's mother had a condition which could qualify as a serious health condition under the FMLA but failed to provide proper notice to the Plaintiff of his eligibility for FMLA leave to cover his intermittent time off in order for him to assist and care for his mother.

22. In or about 2018, Home Depot's employee Jason Wolfe was promoted to the position of Operations Manager of the Center and, as such, had a supervisory role over Plaintiff.

23. Sometime in 2018, Mr. Wolfe began to publicly harass and embarrass Plaintiff in the workplace, becoming very authoritative and hyper-critical of the Plaintiff, and very controlling of Plaintiff's time and activity while he was at work.

4

24. Mr. Wolfe stood next to the Plaintiff and stared at him while he was working, followed him around the work premises, and even kept track of Plaintiff's use of the restroom.

25. Around this time Mr. Wolfe even asked Plaintiff if he would consider resigning.

26. Plaintiff complained to Shannon Benesky, Home Depot's local Human Resources Generalist, about Mr. Wolfe's treatment of him, but no action was taken to address Plaintiff's complaints and Mr. Wolfe's harassment continued.

27. In September of 2018, Plaintiff learned through a co-worker about the possibility of FMLA leave and on or about September 24, 2018, made a formal request to Home Depot for intermittent leave under the FMLA in order to care for his mother when necessary.

28. In or about late September of 2018, Home Depot granted Plaintiff's request to use FMLA leave for the serious health condition of his mother.

29. By the time that Plaintiff was granted FMLA leave related to his mother's serious health condition, Plaintiff had exhausted his annual allotted, unscheduled time off in 2018 and been disciplined under Home Depot's attendance policy for being tardy or absent from work.

30. Plaintiff would not have had to utilize his annual allotted, unscheduled time off to care for his mother had he been able to utilize intermittent FMLA leave for those incidents.

5

31. Also, had Plaintiff been able to utilize FMLA leave to care for his mother, he would have been able to use his annual allotted time off to assist with the care of his daughter, and would not have been disciplined for being tardy or absent from work unless and until he exceeded his seven (7) days of unscheduled time off.

32. On Friday, November 9, 2018, Plaintiff was scheduled to work but called in to request that day off for FMLA reasons in order to assist his mother with her medical needs.

33. At this time in 2018, Plaintiff and his spouse were in the process of a bitter divorce and unknown to Plaintiff, his spouse filed unwarranted criminal charges against him.

34. As a result of the filing of these charges, Plaintiff was arrested on November 10, 2018, a Saturday evening.

35. Plaintiff was not scheduled to work for Home Depot again until Tuesday, November 13, 2018, and he attended work that day as expected.

36. Plaintiff continued to work full-time for Home Depot during the period Tuesday, November 13, 2018 through Friday, November 16, 2018, and from Tuesday, November 20, 2018 through Friday, November 23, 2018, as scheduled.

37. The next week, on or about November 27, 2018, after he completed his shift, Plaintiff was called into a meeting with Home Depot's Operations Manager, Jason Wolfe, as well as with Nicole Ramirez and Richard Rowe, all of whom were employees and representatives of Home Depot.

6

38. Plaintiff was then advised that he was being terminated for violating Home Depot's attendance and punctuality standards.

39. At this time, Home Depot's representatives falsely claimed that Plaintiff had actually been arrested and jailed on November 9, 2018 and accused Plaintiff of wrongfully requesting FMLA leave for November 9, 2018 to assist with the care of his mother.

40. Plaintiff explained to Home Depot's representatives that they were wrong, that he had driven and accompanied his mother to two (2) medical appointments and one (1) physical therapy session on Friday, November 9, 2018, and that he had not been unexpectedly arrested until Saturday, November 10, 2018.

41. Home Depot's representatives refused to accept Plaintiff's explanation concerning the actual dates of his request for FMLA leave and his arrest.

42. Home Depot's representatives then advised Plaintiff that regardless, they could do nothing to reverse the decision to terminate his employment as it had already "gone through corporate".

43. Home Depot then ordered Plaintiff off the premises and told him that he was no longer allowed on the Center property.

44. Plaintiff subsequently contacted Home Depot's corporate Human Resources offices, as well as the local Center Human Resources Manager, to report that he had been fired for false reasons. He also offered to provide documentation of the events of November 9 and November 10, 2018 to Home Depot.

45. Home Depot advised Plaintiff that an investigation would be conducted concerning the events of November 9 and 10, 2018.

46. Plaintiff heard nothing further from Home Depot until January 14, 2019, when he received a Progressive Disciplinary Notice dated November 27, 2018, confirming his termination.

47. According to Home Depot's Progressive Disciplinary Notice, Home Depot counted Plaintiff's absence for FMLA reasons on November 9, 2018 against Plaintiff and used that as the basis for his termination.

## COUNT I
## FMLA INTERFERENCE

48. Plaintiff hereby incorporates by reference Paragraphs 1 through 47 of Plaintiff's Complaint as though fully set forth at length herein.

49. In 2018, including on November 9, 2018, Plaintiff was an eligible employee within the definitional terms of the FMLA.

50. In 2018, Plaintiff was entitled to take a total of 12 workweeks of FMLA leave on an intermittent basis in order to help care for his disabled mother.

51. As of November 9, 2018, Plaintiff had not exhausted his FMLA leave entitlement.

52. Defendant interfered with Plaintiff's FMLA rights by retroactively denying Plaintiff's request to take FMLA leave on November 9, 2018 and counting his time off on that day against him under Defendant's attendance policy.

53. Defendant also interfered with Plaintiff's FMLA rights by failing to provide timely notice to Plaintiff explaining the provisions of the FMLA and his eligibility for FMLA leave when Defendant knew that Plaintiff had a need for it.

54. Defendant further interfered with Plaintiff's FMLA rights by terminating him on November 27, 2018 based on his legitimate use of FMLA leave on November 9, 2018 in order to assist and care for his mother.

55. Defendant's actions violated the FMLA, 29 U.S.C. §2615(a)(1).

56. As a result of Defendant's unlawful actions, Plaintiff incurred damages in the form of lost wages, lost benefits, and lost employment opportunities.

57. As a result of Defendant's unlawful actions, Plaintiff could not pay his rent or his bills and lost both his apartment and his vehicle.

58. Defendant's violations of the FMLA were both willful and intentional.

59. Plaintiff is entitled to liquidated damages for Defendant's violation of the FMLA.

60. Plaintiff is entitled to interest at the prevailing rate upon the damages he incurred as a result of Defendant's violation of the FMLA.

61. As a result of Defendant's actions as aforesaid, Plaintiff is entitled to recover his attorney's fees and costs incurred in this action.

**WHEREFORE**, Plaintiff, Shane L. Burton, respectfully requests that this Court enter judgment against the Defendants and order as follows:

(1) that Plaintiff be compensated for his lost back pay, together with pre-judgment interest;

(2) that Plaintiff be granted appropriate equitable relief, including reinstatement to his former position, or in the alternative, be compensated in front pay;

9

(3) that Plaintiff be compensated for other pecuniary losses, including, but not limited to, damages associated with past and future lost benefits;

(4) that Plaintiff be paid his attorney's fees and costs incurred in this action;

(5) that Plaintiff be paid liquidated damages pursuant to the FMLA;

(6) that Defendants be permanently enjoined from engaging in violations of the FMLA; and

(7) that Plaintiff be granted such further legal and equitable relief as the Court deems necessary and proper.

## COUNT II
## FMLA RETALIATION

62. Plaintiff hereby incorporates by reference Paragraphs 1 through 61 of Plaintiff's Complaint as though fully set forth at length herein.

63. In November of 2018, Plaintiff requested FMLA leave on an intermittent basis in order to care for his mother, a right to which he was entitled under the FMLA.

64. Defendant retaliated against Plaintiff for exercising his FMLA rights by counting his time off in order to care for his mother against him in applying Defendant's attendance policy.

65. Defendant also retaliated against Plaintiff in violation of the FMLA by terminating him on November 27, 2018 because of his use of FMLA leave prior to and including on November 9, 2018.

66. Defendant's retaliatory actions constitute unlawful acts under the FMLA.

67. As a result of Defendant's unlawful actions, Plaintiff incurred damages in the form of lost wages, lost benefits, and lost employment opportunities.

68. As a result of Defendant's unlawful actions, Plaintiff could not pay his rent or his bills and lost both his apartment and his vehicle.

69. Defendant's violations of the FMLA were both willful and intentional.

70. Plaintiff is entitled to liquidated damages for Defendant's violation of the FMLA.

71. Plaintiff is entitled to interest at the prevailing rate upon the damages he incurred as a result of Defendant's violation of the FMLA.

72. As a result of Defendant's actions as aforesaid, Plaintiff is entitled to recover his attorney's fees and costs incurred in this action.

**WHEREFORE**, Plaintiff, Shane L. Burton, respectfully requests that this Court enter judgment against the Defendants and order as follows:

(1) that Plaintiff be compensated for his lost back pay, together with pre-judgment interest;

(2) that Plaintiff be granted appropriate equitable relief, including reinstatement to his former position, or in the alternative, be compensated in front pay;

(3) that Plaintiff be compensated for other pecuniary losses, including, but not limited to, damages associated with past and future lost benefits;

(4) that Plaintiff be paid his attorney's fees and costs incurred in this action;

(5) that Plaintiff be paid liquidated damages pursuant to the FMLA;

(6) that Defendants be permanently enjoined from engaging in violations of the FMLA; and

(7) that Plaintiff be granted such further legal and equitable relief as the Court deems necessary and proper.

>Respectfully submitted,
>
>KOFF, MANGAN, VULLO &
>GARTLEY, P.C.
>
>/s/ Cynthia R. Vullo
>Cynthia R. Vullo, Esquire
>Atty. I.D. No. 45720
>1065 Highway 315, Suite 302
>Wilkes-Barre, PA 18702
>(570) 718-1700
>(570) 718-1701 (fax)
>Email: cvullo@kmvglaw.com
>
>Attorneys for Plaintiff, Shane L. Burton